**Louis BARTEL, Plaintiff-Appellee,**

**v.**

**Joseph D. RIEDINGER, Defendant-Appellant.**

**No. 15715.**

United States Court of Appeals
Sixth Circuit.

Nov. 10, 1964.

---

John J. O'Hara, Covington, Ky. (O'Hara & Ruberg, Covington, Ky., of counsel), for appellant.

George W. Weber, Jr., Cincinnati, Ohio (Charles A. Weiner, Cincinnati, Ohio, on the brief), for appellee.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and PRETTYMAN, Senior Circuit Judge.[*]

PER CURIAM.

Plaintiff was a passenger in an automobile which was struck from the rear by defendant's car on the Dixie Highway near the intersection of Buttermilk Pike in South Fort Mitchell, Kentucky. He instituted an action for damages in the District Court for personal injuries basing jurisdiction on diversity of citizenship. The case was tried to the court without a jury. The District Judge adopted findings of fact and conclusions of law and rendered a judgment against defendant for $10,000 damages for personal injuries and $1,000 for medical bills.

In this appeal, liability is not an issue.

Defendant contends that the proof of aggravation of a pre-existing heart condition was inadequate under Kentucky law in that it did not spell out the amount or proportion of aggravation; that the testimony of the medical expert on this subject was not positive and that the District Judge went too far in questioning a witness.

In our judgment, there was substantial evidence to support the findings of fact by the District Judge. They are not clearly erroneous. The medical testi-

---

* Sitting by designation from the U. S. Court of Appeals of the District of Columbia Circuit.

mony was adequate. The District Judge was not a mere umpire. His function was to see that justice was done. The questions that he asked in this case were within the bounds of propriety.

Affirmed.